United States District Court
Southern District of Texas

**ENTERED**

July 30, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAIME LEONARDO SOLTEI-LOPEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | CIVIL ACTION NO. 4:26-cv-02465 |
| v. | § | |
| | § | |
| WARDEN, Houston Contract Detention | § | |
| Facility, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER OF DISMISSAL

The petitioner, Jaime Leonardo Soltei-Lopez, filed a petition for a writ of habeas corpus asserting a single claim for relief under 8 U.S.C. § 1226(a).  (Dkt. No. 1).  The petitioner argues that he is entitled to relief both directly under the statute and as a member of the class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025).[1]  (Dkt. No. 1 at 8 ("By denying Petitioner a bond hearing under § 1226(a) and asserting that he is subject to mandatory detention under § 1225(b)(2), Respondents violate Petitioner's statutory rights under the INA and the Court's judgment in *Maldonado Bautista*.")).

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts[2] requires the Court to promptly examine the petition and its attached exhibits and dismiss the petition, in

---

[1] *Maldonado-Bautista* has a complicated procedural history; although the habeas petition only cites the original opinion, that opinion was amended and superseded in *Maldonado-Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025).

[2] A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to petitions filed under § 2241.  *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

whole or in part, if the face of the petition shows that the petitioner is not entitled to relief. Having conducted the required examination, and pursuant to 28 U.S.C. § 2241, *et seq.*, the Court determines that it must dismiss this habeas petition. The petitioner cannot obtain relief directly under § 1226(a) because that argument is foreclosed by the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), which held that 8 U.S.C. § 1225(b)(2), not 8 U.S.C. § 1226(a), applies to petitioners in the petitioner's position. And he cannot obtain relief as a member of the *Maldonado-Bautista* class because the Ninth Circuit ordered that the district court's December 18, 2025, declaratory judgment in *Maldonado-Bautista* was stayed pending appeal insofar as that judgment extended beyond the Central District of California. (Order, Case No. 25-7958, Docket Entry No. 14.1 (9th Cir. Mar. 31, 2026)).

The petitioner cannot obtain the relief he seeks under the single claim he presented to the Court. Accordingly, the Court **ORDERS** that this habeas petition is **DISMISSED without prejudice**.

The Clerk shall provide a copy of this Order to the parties.

It is so ORDERED.

SIGNED on July 30, 2026, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge

2